Good morning, Your Honors. Ina Lipkin on behalf of the petitioner. In this matter, the petitioner asked the court to review both the IJ and the board's finding that she failed to establish past persecution on an enumerated ground. This is a pre-Real ID Act case. Her application was filed in January 2003. Therefore, she can establish past persecution not on just one central ground as the law now, but on a mixed motive. And indeed, she did. First, the IJ found her credible. Therefore, we've got to take her testimony at face value. Can you remind me, before the second arrest, there was, am I remembering right, there was a rally in front of the, that politician's house? That's what led to the second arrest. Yes, okay. And so, and she was an active participant in that rally herself? She was present. And by the mere act of her presence there where the leader of the Akali Dalman party, Simran Singh Mann, was there and praised her husband for his activities, just by association, when the police came to arrest participants and those that were vocally opposing Mr. Barnala, the politician in charge, she, too, was rounded up. But what's indicative of the motives of the police in arresting her on a political opinion, or in this case, an imputed political opinion, since she didn't actually necessarily say something on this occasion, was there accusations during the detention. Okay, but that's what I was trying to get at. I mean, you're not arguing just that this isn't the imputed political opinion of her husband. I take it that she herself is a member of this party, was participating in this demonstration? Yes, sir. She was a member of the All India Sikh Student Federation and a supporter of this party that staged the rally of the Akali Dalman. So by sheer support, the opinion that was formed in the police was that she was anti-national and she participated in this party. Not just that her husband was? Which would have been helpful to her had she done so. But even without that, I feel that she has enough evidence here to show that in her own right, she was perceived as being anti-national. What about the first detention? Was that due to the rivalry between the two families with regard to their transportation businesses? I have no doubt it probably was. But that's so it's the second arrest, the one having to do with the rally that you're relying on for imputed political opinion? Not necessarily, Your Honor. The argument is that though the interest in the police initially might have stemmed due to some personal dispute between Petitioner's family and the Barnala political family, because of the political clout of the Barnala family was able to exert on the police. And remember, this isn't just a claim that, oh, the Barnala family, they were important, influential people. The father of Gagandeep, who had the issue with the Petitioner's husband, was the former chief minister of the Punjab, so certainly it is reasonable to assume he had political power and he continued to exert that. Once he exerted the power and alerted the police that the Petitioner and her husband were troublesome in some manner, the police then themselves formed a negative view against them, because according to her credible testimony, she stated they told her you shouldn't have gone against the Barnala family and you are being against the government by doing so. I'm trying to distinguish between, if there is a distinction, and there's substantial overlap here, obviously, between the Barnala family's influence and power in the town and their ability, per Petitioner's testimony, to bring the police into a personal dispute versus the persecution occurring on account of political opinion or imputed political opinion. And as I see the record, the best evidence for the Petitioner has to do with the rally in terms of being persecuted on account of political opinion versus persecution because of the family's influence and because there was clearly a rivalry going on between the two families with regard to their transportation business. The best evidence you have of political opinion has to do with the rally and her testimony as to the statement because you raised slogans against Barnala, that's in part motivating the arrest, right? That's true, but I still want to illustrate that during the first arrest, it wasn't really just the personal dispute, as Your Honor had stated, there was an overlap and that's evidenced by her credible testimony that the police accused her of going against the government, i.e. against the Barnala family, as if the two were one and the same. There was also the issue of relocation. The BIA affirmed the judge's finding that she could, that even if there was pastor persecution, she could safely relocate. But her credible testimony stated that the SHO... You are correct, Your Honor. But I just wanted to, that was just my opening about that issue. Why are we going to talk about that if we can't address it? Because I think that the court on another alternate ground should remand to allow for that, as was argued, that she did establish a countrywide fair that was unrebutted. That was what I wanted to mention. I may be saved a few minutes. All right, thank you. Good morning. May it please the court, Yamile Tavila on behalf of the respondent, the Attorney General. No record evidence compels the conclusion Petitioner was persecuted on account of a political opinion. Well, just go, just jump straight to that rally. I could not agree more with Judge Wynn. That's the best evidence for the petition. It seems pretty compelling, no? Your Honor, even the rally does not compel the conclusion that Petitioner was persecuted on account of a political opinion. That is because of the 200 participants at the rally, only Petitioner and her husband were arrested. Petitioner's counsel just represented that people were gathered up, and that's directly contradicted by the Petitioner's own testimony that only her and her husband were arrested. And in the course of that arrest and detention, they were never told by the police that it was on account of their political views. To the contrary, Well, there was one statement. The evidence is conflicting in this case. There's plenty of evidence that there was a personal dispute, and a lot of the troubles that they faced, Petitioner and her husband, were due to the personal disputes and the police making repeated statements, compromise with the family, compromise with the family. But there was that one statement made by the police that because you raised slogans against Bernalla, that's why we're arresting you. Or I think they said both at the same time, because you raised slogans against Bernalla and you didn't get a permit or permission to rally, that's the reasons for the arrest on that second occasion. Your Honor, this There is some evidence there. The question really is whether it compels the conclusion. Your Honor, this court must review the determination for substantial evidence. That is, the record must compel the conclusion that she was persecuted on account of political opinion. Here, the court has previously held that where the record contains an equally available politically, an apolitical reason for the persecution, that does not compel the conclusion that any harm was on account of political persecution. Here, we have a family dispute with another family of a rival transportation business. That was the initial conflict, and it escalated from there. Never was the petitioner or her husband called out for being members of a student organization. In fact, during the first conflict at the petitioner's home, petitioner's husband is the one who brings up the political stance and says that the Bernalla family are traitors to the Sikh people during the Blue Star operation. I guess I thought that cut against the government, because it's really only after he makes that statement that the sort of, I can't remember all what happened, but they were taken to jail and beaten, right? No, Your Honor, because Mr. Bernalla appeared that day at the house of petitioner and her husband to complain about the conflict about the driver's routes and the way that petitioner's husband spoke to his driver, and the disagreement about who could pick up the passengers at a certain time. I know that's what initiated the contact, but I'm saying in terms of the heavy-handed treatment that occurred on the occasion of that first arrest, it only happened after the petitioner's husband made that statement. Your Honor, under Elia Zacharias, the persecution must be on account of petitioner's own political opinion. The petitioner here brought up their belief that Mr. Bernalla was a traitor, but that was after the conflict had already begun. Whether it was before the blows were exchanged or not, I'm not sure that's clear on the record, but the conflict had already arisen because of the personal dispute. Petitioner's own affidavit. Right, but hang on. But just in terms of the persecution that she and her husband suffered, I'm just saying that that was only triggered, it seemed, on this record by the husband's interjecting the political view, right? Otherwise, my impression was that it might have just been a verbal thing and, hey, you shouldn't run your buses at this time, but once he made that statement, then it escalated into what we would consider persecution. Your Honor, the government's position is that this record doesn't compel that conclusion, that it escalated because of a political opinion. To the contrary, the government's position is that the record makes clear that this is a business dispute that escalated and petitioner is repeatedly told by the police that they need to cooperate with the Bernalla family. This case is on point with Molina Morales where this court determined that just because the actor is a politician does not mean that the harm is on account of a political opinion. There, as in this case, we have a politician who's misusing their power, abusing their access to the police, as we have here, but that doesn't mean that the harm is on account of political opinion. Has the government considered whether this case would be appropriate for the exercise of its prosecutorial discretion? Your Honor, all cases are vetted for prosecutorial discretion. Petitioner has not reached out to the government and the record doesn't contain any information about background checks. I also understand that petitioner has a son that may be eligible for DACA. Petitioner is free to present that to DHS. We don't have any information that she has done that or that he's eligible because of schooling or because of background checks. One point I wanted to touch on is that the second incident following the rally, it may appear that because of the sequence of events that this is her best evidence that this is politically motivated persecution. However, this court has also previously stated that the timing of events isn't enough to show causation. There must be something more to show that the harm is on account of political persecution. So there were 200 protesters and how did the police know that the petitioner and her husband were the organizers? Your Honor, as petitioner testified, her husband organized it. He was singled out by a party leader and their buses were used to transport people to this residential area where the protest was held. The police arrested them because according to the police and according to petitioner's testimony, they didn't have permits. And then they were told to cooperate with the Bernala family. No, they said you're being arrested because you raised banners or slogans against this powerful politician. Both of these statements were made by the police at the time of the arrest. It's not like the rally was organized to protest the business dispute. I mean, it was overtly political. So that's why I guess I have a hard time taking your argument that somehow this just was it was all business and had nothing to do with politics. Your Honor, petitioner had a pre-existing problem with the Bernala family. And there they were at this rally shouting slogans against Mr. Bernala and his wife. As we stated, they had this pre-existing problem. They are the only ones arrested at this rally. Nobody else is rounded up because their political view. But her husband was the leader. Your Honor, petitioner testified that her husband organized it and that he provided buses. She didn't testify that he was the leader or that he presented any speeches. They were all shouting chants. All 200 people and only petitioner and her husband were arrested. On these facts, the record doesn't compel the conclusion that they were arrested solely because of their political view. It doesn't have to be solely. I agree. If it had to be solely, I would say, yeah, probably the business thing factored in. But it just has to be a reason, right? You're right, Your Honor. And there certainly can be a showing of political persecution mixed into the various motivations. But here on this record, our position is that the record doesn't compel the conclusion that political opinion was the reason for the harm. It's not even a reason? I mean, you say it just had nothing to do with strictly business, nothing to do whatsoever with politics. Your Honor, by petitioner's own statement in her affidavit, the business brought us in direct conflict with the Bernala family. That's on page 495 of the administrative record. That was the initial problem with the Bernalas, and everything escalated from there. The police or Mr. Bernala never said to petitioner, it is because you are a member, or even in part because you're a member of this student organization. And so our position is that the record doesn't compel the conclusion that that was a motive for the harm. In fact, this case is distinguishable from Borja, because in Borja what you had is a Filipino woman who immediately told the rebels, I disagree with your position. I am pro-government. And from there we have extortion and beatings and escalation. Here we don't have extortion plus. We don't have anything plus. What we have is a personal business conflict. All right. Anything further to add, counsel? In conclusion, the court should deny the petition for review. Thank you. Thank you. Your Honor, in closing, the government is misstating the law. The government is forgetting this is a pre-Real ID Act case. Mixed motive is a sufficient basis to find past persecution. And no matter how the dispute with the Bernala family started, once the police became involved and accused them of anti-nationalism, that was enough to establish past persecution. And the record shows that that was the imputed political opinion the police put on the petitioner, because they told her your arrest is due to distributing the banners. And she was only doing that because she was involved in a political protest. Thank you. Thank you. All right. The matter will be submitted.
judges: Noonan, Nguyen, Watford